IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| MOLLY CRAMER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-cv-131 |
| ) | |
| v. ) | **COMPLAINT FOR COPYRIGHT** |
| ) | **INFRINGEMENT** |
| NETFLIX, Inc. and ) | |
| ROYAL GOODE PRODUCTIONS, LLC, ) | |
| ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |
| ) | |

Plaintiff Molly Cramer, by and through her undersigned attorney, alleges as follows:

## JURISDICTION

1. Plaintiff Molly Cramer ("Ms. Cramer") is a citizen of the Commonwealth of Pennsylvania, residing in Friedens, Somerset County, Pennsylvania.

2. Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business in Los Gatos, California.

3. Defendant Royal Goode Productions, LLC ("Royal Goode") is a New York limited liability company with its principal place of business in New York, New York.

4. This court has jurisdiction pursuant to 17 U.S.C. § 101, et seq, 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), and 28 U.S.C. § 1338 because this case involves a claim for copyright infringement.

## VENUE

5. Venue is proper in the United States District Court of Western Pennsylvania because Netflix's streaming media services and Royal Goode's film production of the Tiger King series can be found in the Western District of Pennsylvania, the events giving rise to the claims occurred in the Western District of Pennsylvania, and Defendants engaged in copyright infringement in the Western District of Pennsylvania. 28 U.S.C. § 1391(b) and (c); 28 U.S.C. § 1400(a).

## THE PARTIES

6. Ms. Cramer is a talented tattoo artist and the owner of "Petals and Pain Tattoo Parlor" located in Somerset, Pennsylvania.

7. On information and belief, Netflix is a Delaware corporation, having its principal place of business located at 100 Winchester Circle, Los Gatos, California 95032. Netflix provides subscription-based over-the-top streaming media services of a library of films and television programs, including those produced in-house, through its commercial website www.netflix.com.

8. Netflix has over 220 million subscribers in over 190 countries worldwide.

9. Netflix produces original content, such as the series "Tiger King: Murder, Mayhem and Madness" ("the Tiger King Series").

10. Netflix owns, operates, and is solely responsible for the original content available on www.netflix.com.

11. On information and belief, Royal Goode is a New York limited liability company with its principal place of business located at 49 Bleeker Street, Suite 601, New York, New York, 10012. Royal Goode is a film production company and, on information and belief, Eric Goode is

the sole member of the company. Royal Goode filmed the Tiger King series which was and currently is streaming on Netflix.

## GENERAL ALLEGATIONS

12. In March 2020, in order to raise money due to the closing of Ms. Cramer's tattoo business as well as her husband's, Noah Cramer's, business, due to the Covid-19 pandemic, Noah Cramer came up with the idea of selling gift certificates online, whereby purchasers of the gift certificates could vote on which one of several funny tattoo pictures created by Ms. Cramer would be tattooed by Ms. Cramer on Mr. Cramer's thigh. Ms. Cramer and her husband were viewers of the Tiger King series produced by Royal Goode which at the time was streaming on Netflix. The Tiger King series deals with the life of former zookeeper and convicted felon "Joe Exotic," also known as "The Tiger King," whose real name is Joseph Allen Maldonado-Passage (hereinafter referred to as "Joe Exotic"). One of the tattoo pictures created by Ms. Cramer was a likeness of Joe Exotic, which picture also included a Lysol can, depiction of five Covid viruses, and a toilet paper banner containing the words "Quarantine 2020." Ms. Cramer believed that because of Joe Exotic's popularity, notoriety, and global recognition, such a funny picture of Joe Exotic for tattooing on her husband would receive a very large response by the public for the online sale of the gift certificates.

13. Between March 29, 2020 and April 3, 2020, Ms. Cramer sold the gift certificates on her Facebook page and garnered close to $4000.00. The vote was tallied on April 5, 2020, and of the 117 votes received, the Joe Exotic picture received 67 votes. Because of this successful sale of the gift certificates, Ms. Cramer was able to reopen her tattoo parlor.

14. On April 5, 2020, Ms. Cramer tattooed the Joe Exotic tattoo on her husband ("Joe Exotic tattoo") and posted a picture on her Facebook page of the Joe Exotic tattoo the same day.

15.     At all times relevant hereto, Ms. Cramer has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the Joe Exotic tattoo. A copy of the Joe Exotic tattoo is shown in Exhibit 1 attached hereto, which is the subject of this action.

16.     On November 19, 2021, one day after the Tiger King series, Season 2, episode 1 ("Tiger King, series 2, ep. 1") premiered, Ms. Cramer started receiving phone calls and texts from friends and clients telling her that they saw Ms. Cramer's Joe Exotic tattoo on Tiger King, series 2, ep. 1. Specifically, the Joe Exotic tattoo is shown about two minutes into the film for about three seconds.

17.     On November 29, 2021, Ms. Cramer and her husband sent a letter to Joe Exotic in which they asked for his permission to use the tattoo that Ms. Cramer had tattooed on her husband as well as to continue posting a picture of the Joe Exotic tattoo on her social media.

18.     On or about December 17, 2021 Ms. Cramer and her husband received a very friendly letter from Joe Exotic in which, *inter alia*, he happily consented to the use of his likeness in the tattoo and on social media. A copy of this letter is attached hereto as Exhibit 2. The letter apparently is incorrectly dated "11-24-21," as a copy of the envelope that the letter was sent in shows a date stamp of December 17, 2021. A copy of this envelope is attached hereto as Exhibit 3.

19.     On January 11, 2022, Ms. Cramer obtained a federal copyright registration, afforded number VA-228504, for the Joe Exotic tattoo, which was titled "Quarantine 2020." A copy of the copyright registration is attached hereto as Exhibit 4.

20. On February 9, 2022, Ms. Cramer's attorney, Gwen R. Acker Wood, sent a cease and desist letter to David Hyman, Chief Legal Officer of Netflix, with respect to its unauthorized use of Ms. Cramer's Joe Exotic tattoo, requesting, *inter alia*, that Netflix immediately remove the infringing photo of the Joe Exotic tattoo from Tiger King, series 2, ep. 1. Additionally, because the extent of damages incurred by the incalculable number of times the infringing picture of the Joe Exotic tattoo was seen by tens of millions subscribers worldwide by the streaming of Tiger King, series 2, ep. 1 was impossible to determine, Ms. Cramer requested an initial settlement amount of ten million dollars. A true and correct copy of this letter is attached hereto as Exhibit 5.

21. On February 23, 2022, attorney Acker Wood received a reply letter from counsel for Royal Goode, Tony Doherty, in which he alleged that there was no copyright infringement by Royal Goode because of the Fair Use doctrine. A true and correct copy of this letter is attached hereto as Exhibit 6.

22. On March 16, 2022, attorney Acker Wood sent a second Cease and Desist letter to attorney Doherty, strongly refuting that the Fair Use doctrine was an applicable defense to the blatant, unauthorized use of Ms. Cramer's copyrighted Joe Exotic tattoo in Tiger King, series 2, ep. 1. A true and correct copy of this letter is attached hereto as Exhibit 7.

23. On March 30, 2022, attorney Acker Wood received a second letter from attorney Doherty, in which he reiterated his allegation that the Fair Use doctrine applied with respect to his client's infringing use of the Joe Exotic tattoo. A true and correct copy of this letter is attached hereto as Exhibit 8.

24. On April 29, 2022, attorney Acker Wood sent a second letter to attorney Doherty, in which she reiterated her strong refutation that the Fair Use doctrine was an applicable defense

to the infringing use of Ms. Cramer's copyrighted Joe Exotic tattoo in Tiger King series 2, ep. 1. Additionally, in an attempt to settle the matter and to avoid a protracted, stressful, and no doubt costly lawsuit which Ms. Cramer could ill afford compared to Netflix and Royal Goode, Ms. Cramer offered a second settlement proposal of $50,000.00. A true and correct copy of this letter is attached hereto as Exhibit 9.

25. On May 6, 2022, attorney Acker Wood received a third hostile, threatening letter from attorney Doherty, in which he stated that "he sees no reason why any payment should be made to your client." Attorney Doherty then stated that if Ms. Cramer decides to pursue this matter through the courts, he intended to move for dismissal or summary judgment at the earliest date possible and seek attorney's fees and costs from Ms. Cramer. A true and correct copy of this letter is attached hereto as Exhibit 10.

26. As of the date of filing of this Complaint, the infringing photo of the Joe Exotic tattoo still is shown in the introduction of Tiger King Season 2, episode 1, without credit or attribution to Ms. Cramer.

27. Thus, despite Ms. Cramer's repeated requests for Defendants to remove the infringing photo of her Joe Exotic tattoo from Tiger King series 2, ep. 1, as well as her attempt to reach an amicable settlement, Defendants have completely ignored all of her requests.

28. Ms. Cramer has suffered and continues to suffer incalculable losses because of Defendants' wrongful actions because, rather than Ms. Cramer being recognized as the talented artist who created the Joe Exotic tattoo, and being rewarded for this recognition by experiencing an increase in her tattoo business, popularity, and fame on social media and in other venues, tens of millions of viewers of the Tiger King series have undoubtedly associated the infringing photo of the Joe Exotic tattoo as originating with Defendants.

29. Further, Defendants' unauthorized use of the infringing photo of Ms. Cramer's Joe Exotic tattoo has caused Ms. Cramer much distress. Not only did Defendants ignore Ms. Cramer's repeated requests to remove the infringing picture of the Joe Exotic tattoo from Tiger King, series 2, ep. 1, and did not entertain any form of settlement or suggest giving Ms. Cramer attribution and credit for the Joe Exotic tattoo, Defendants effectively bullied Ms. Cramer by making the above-described litigation threats, which caused and is still causing Ms. Cramer severe anxiety. In addition, Defendants' wrongful actions has caused and continues to cause Ms. Cramer distress because said wrongful actions detracted from Ms. Cramer's tattoo business as well as detracted from the experience of sharing her tattoo artistry, as exemplified by the Joe Exotic tattoo, on social media and other venues, due to Defendants' essentially holding themselves out as the originator of the Joe Exotic tattoo by arrogantly and blatantly using an infringing photo of the Joe Exotic tattoo in the Tiger King series without credit or attribution to Ms. Cramer.

30. Such use by Defendants of the infringing photo of Ms. Cramer's Joe Exotic tattoo in the Tiger King series since at least Ms. Cramer's first cease and desist letter (Exhibit 4) constitutes willful and intentional appropriation of Ms. Cramer's hard work and talents for Defendants' benefit and subsequent profits, without any cost to Defendants.

31. The Joe Exotic tattoo is an original work, copyrightable under the Copyright Act, in which Ms. Cramer owns the copyright registration. Thus, Ms. Cramer has the exclusive rights and privileges to reproduce, distribute, and display the Joe Exotic tattoo.

32. Ms. Cramer never authorized the Defendants, by license or otherwise, to use a photo of her copyrighted Joe Exotic tattoo in the Tiger King series.

33. Defendants infringed Ms. Cramer's exclusive rights in the Joe Exotic tattoo by showing a picture of the Joe Exotic tattoo without Ms. Cramer's permission.

34. The continuous streaming of Tiger King, season 2, ep. 1, in which tens of millions of subscribers worldwide have viewed, and currently still can view this episode, in which an infringing photo of the Joe Exotic tattoo is shown, constitutes an incalculable number of copyright infringement claims against Defendants under the Copyright Act. Ms. Cramer has sustained, and continues to sustain, substantial damage to the value of her copyright in that the unauthorized use by Defendants of her copyrighted Joe Exotic tattoo has diminished and continues to diminish the recognition, popularity, fame and monetary reward that Ms. Cramer would otherwise have received or still could receive but for Defendants' continuing wrongful actions.

35. Defendants continue to infringe Ms. Cramer's copyrighted Joe Exotic tattoo, and unless temporarily, preliminarily and permanently enjoined by order of this Court, Defendants will keep infringing said copyrighted material, all to Ms. Cramer's irreparable injury. As a result of Defendants' acts of infringement, Ms. Cramer is without an adequate remedy at law in that damages are extremely difficult to ascertain.

36. As a direct result of the conduct of Defendants, Ms. Cramer has suffered and continues to suffer damages in an amount and extent to be determined. Ms. Cramer was unable to realize the just and fair profit and resultant fame, popularity and publicity from the creation of the Joe Exotic tattoo, as the public effectively was led to believe by Defendants that Defendants, rather than Ms. Cramer, owned and/or created the Joe Exotic tattoo for the Tiger King series.

37. Defendants have continued to commit all of the aforesaid acts deliberately, blatantly, willfully, maliciously, and oppressively, without regard to Ms. Cramer's intellectual property rights.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against Defendants)

38.     Ms. Cramer repeats and realleges the averments contained in paragraphs 1-37 as though fully set forth herein.

39.     The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

40.     As a result of the above-described conduct by Defendants, Ms. Cramer has been damaged in an amount to be proven at trial.

41.     By reason of the copyright infringement described above, Ms. Cramer is entitled to recover actual damages comprising Defendants' profits in proportion to the percentage of time the infringing photo of the Joe Exotic tattoo has and is still appearing on Tiger King, season 2, ep. 1, and by the number of times Tiger King, season 2, ep. 1 has been streamed by the tens of millions of Netflix's subscribers worldwide; and to the extent the above calculations are not included as part of Ms. Cramer's damages, plus attorney's fees.

42.     In the alternative, at the election of Ms. Cramer, Ms. Cramer is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringement incident for Defendants' wrongful actions, plus attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cramer prays for judgment in her favor and against Defendants as follows:

1.     A finding that Defendants unauthorized use of Ms. Cramer's copyrighted Joe Exotic tattoo violated Ms. Cramer's rights under the Federal Copyright Act.

2. An order by the Court immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendants from copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Joe Exotic tattoo to which Ms. Cramer is the owner of exclusive rights under the respective copyright based thereon.

3. Awarding Ms. Cramer all damages she suffered as a result of Defendants' willful and intentional copyright infringement to the fullest extent allowed by law, including: (a) ordering Defendants to account to Ms. Cramer for all gains, profits, and advantages derived by Defendants by their willful and intentional infringement of Ms. Cramer's copyright or such damages as are proper; (b) the maximum allowable statutory damages because of Defendants' willful and intentional infringement of Ms. Cramer's copyright; and (c) all of Ms. Cramer's actual and/or statutory damages for Defendants' willful and intentional copyright infringement.

4. An award of all of Ms. Cramer's attorney's fees and costs to the fullest extent allowed by law, including pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5).

6. For an award of pre-judgment and post-judgment interest in the maximum amount permitted by law.

7. For all other relief this Court deems just, equitable, and proper.

Dated:  August 11, 2022                    Respectfully submitted,

                                                /s/Gwen R. Acker Wood
                                                Gwen R. Acker Wood, (PA. State Bar No. 89081)
                                                **ACKER WOOD INTELLECTUAL**
                                                **PROPERTY LAW, LLC**

4981 McKnight Road
Pittsburgh, PA 15237
412.486.1038
412.487.2837 (fax)
grwood@ackerwoodiplaw.com

*Attorney for Plaintiff Molly Cramer*

11

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Cramer hereby demands a trial by jury on all issues so triable.

Dated: August 11, 2022                                /s/Gwen R. Acker Wood
                                                     Gwen R. Acker Wood, (PA. State Bar No. 89081)
                                                     **ACKER WOOD INTELLECTUAL PROPERTY LAW, LLC**
                                                     4981 McKnight Road
                                                     Pittsburgh, PA 15237
                                                     412.486.1038
                                                     412.487.2837 (fax)
                                                     grwood@ackerwoodiplaw.com

                                                     *Attorney for Plaintiff Molly Cramer*