# EXHIBIT 5

**ACKER WOOD**

**INTELLECTUAL PROPERTY LAW, LLC**



*Global IP Assets Protection*

Gwen R. Acker Wood, PhD, Esq., President
Anthony H. Handal, Esq., Of Counsel

Exhibit 5

February 9, 2022

**VIA CERTIFIED MAIL – RETURN SERVICE REQUESTED AND EMAIL
(dhyman@netflix.com)**

Netflix, Inc.
David Hyman, Chief Legal Officer
100 Winchester Circle
Los Gatos, CA 95032
dhyman@netflix.com

RE:   **Unauthorized Use of Copyrighted Artwork "Quarantine 2020"**

Dear Mr. Hyman:

This firm represents Molly Cramer, popular tattoo artist and owner of Petals and Paint Tattoo Parlor in connection with her intellectual property matters. It has come to our attention that Netflix, Inc. ("Netflix") has published and displayed our client's artwork without her authorization, namely a tattoo likeness of Joe Exotic (Joe Exotic's authorization to use his likeness for the Subject Artwork is attached hereto as Exhibit A), titled "Quarantine 2020" ("Subject Artwork"), in the streaming series "Tiger King" in its second season, episode 1 and in the trailer for the second season of "Tiger King" ("the Tiger King Episode and Trailer"), which infringes on our client's rights in her proprietary and copyrighted artwork. (The Subject Artwork at issue is attached hereto as Exhibit B). Specifically, the Subject Artwork is shown about sixty seconds into the Tiger King Episode and Trailer for about 3.0 seconds.

The Subject Artwork is protected under United States Copyright Registration No. VA-2285904, registration date January 11, 2022. Under United States copyright law, our client's copyright to the Subject Artwork has been in legal effect since April 5, 2020, the date that our client created the Subject Artwork in a tangible medium.

Under 17 U.S.C. §§ 106 & 501, Netflix's unauthorized publication and display of the Subject Artwork violate the United States Copyright Act, our client's rights, and subjects Netflix to liability for copyright infringement. To succeed on her copyright infringement claim, our client

will "show ownership of the allegedly infringed material and ... demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders;" see 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in the activity listed in § 106). These rights include "the right to reproduce or distribute the material, and the right to prepare derivative works from the Subject material." 17 U.S.C. § 106(1)-(3). Another is the exclusive right to "display the Subject work publicly." 17 U.S.C. § 106(5). It is clear that our client owns the material at issue, and that Netflix, and/or its vendors and/or affiliates, unlawfully distributed and publicly displayed copies of her work on the Tiger King Episode and Trailer without our client's permission. There is little doubt that our client will prevail at trial should you force litigation of this case.

In addition, under 17 U.S.C. § 504(b) "[t]he copyright owner is entitled to recover the actual damages suffered ... as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the Subject work." We contend that Joe Exotic's likeness depicted in the Subject Artwork, which is shown in the first minute of the Tiger King Episode and Trailer not only contributes to viewers' interest in watching this episode, but the Subject Artwork substantially contributes to the intrigue and mystique of the entire Tiger King second season, and thus to the gross revenue reaped by Netflix from the streaming of the Tiger King Episode and Trailer.

According to our research, Netflix had a gross profit of over three billion dollars in the last quarter of 2021, or over one billion dollars a month, and about 200 million subscribers. In the first twenty-eight days of streaming the Tiger King Episode and Trailer it was viewed by over 64 million households. If each household is considered a Netflix subscriber, this computes to over three hundred million dollars ($300,000,000.00) for one month's viewing. We intend to seek damages for the gross revenue reaped by Netflix attributed to the Tiger King Episode and Trailer in which the Subject Artwork was used without our client's authorization.

Accordingly, to settle this matter expeditiously, we demand that Netflix (1) immediately cease and desist all use of the Subject Artwork, including but not limited to deleting the Subject Artwork in its entirety from the Tiger King Episode and Trailer; (2) provide the source from which Netflix obtained the Subject Artwork, including, without limitation, any documents purporting to assign, license, or transfer any rights in or to use the Subject Artwork; and (3) remit a settlement payment in the amount of ten million dollars ($10,000,000.00) via cashier's check, made payable to the undersigned, within **fifteen (15) days** from the receipt of this letter to the undersigned's address shown below.

We hope that this matter can be settled expeditiously to avoid the filing of a copyright infringement complaint in federal court by our client against Netflix.

3 of 3

This is not a full recitation of all outstanding facts and legal issues, and nothing in this letter is meant to or should be construed to waive or limit any rights, claims, or remedies.

Sincerely,

*[signature]*

Gwen R. Acker Wood, PhD, Esq
ACKER WOOD INTELLECTUAL PROPERTY LAW LLC
4981 McKnight Road, P.O. Box 11096
Direct: (412) 486-1038
Fax:    (412) 487-2837
Email: grwood@ackerwoodiplaw.com