# EXHIBIT 9

# ACKER WOOD
## INTELLECTUAL PROPERTY LAW, LLC

 *Global IP Assets Protection*

Gwen R. Acker Wood, PhD, Esq., President
Anthony H. Handal, Esq., Of Counsel

Exhibit 9

April 29, 2022

<u>VIA EMAIL ATTACHMENT</u>

Anthony Doherty
SMITHDEHN LLP
100 Park Avenue, 16th Floor
New York, NY 10017

RE: <u>"Tiger King Season 2;" Unauthorized Use of Copyrighted Artwork "Quarantine 2020"</u>

Dear Mr. Doherty:

We are in receipt of your second letter, dated March 30, 2022, in response to our letter dated March 9, 2022.

We reiterate again our strong disagreement with your allegation that the Fair Use Doctrine bars our client, Molly Cramer ("our client") from claiming copyright infringement by Royal Goode Productions, LLC ("RGP") when it featured her copyrighted Joe Exotic "Quarantine 2020" tattoo artwork (the "Artwork") in a segment of the Netflix series "Tiger King 2."

Further, we reiterate our strong disagreement with your allegation that RGP's use of the Artwork was transformative, and thus qualifies as fair use under copyright law. Your contention that RGP incorporated a multitude of different images, added new audio and incorporated visual effects in order to create something entirely new and distinct, and is no mere repetition of the original in isolation, is disingenuous at best. Although the Artwork was used in conjunction with other film clips, such use did not in any way alter the Artwork's primary meaning or message, which was, and still is, to highlight, and thus exploit, Joe Exotic's popularity, global recognition, and the fact that he has become a social phenomenon in spite of his notoriety and proven criminality.

We contend that the Artwork, which has been used by RGP as a "secondary work," cannot reasonably be perceived as embodying a distinct artistic purpose which conveys a meaning or message separate from the Artwork's primary meaning and message as stated above. Indeed, we contend that the distinctive artistic purpose of RGP's use of the Artwork which you allege is to comment and reflect upon the scale of the Tiger King phenomena, its global impact, the number of people jumping on the Tiger King bandwagon (i.e. Joe Exotic's popularity), and to question the motivation behind the hero worship of a convicted criminal, is almost, if not exactly, identical to the Artwork's primary meaning and message as stated above.

Anthony Doherty
April 29, 2022
2 of 2

Therefore, notwithstanding the many arguments you have presented in an attempt to rebut our client's claim of copyright infringement of her Artwork by RGP, we strongly believe that there can be no conclusion other than the fact that RGP has used our client's copyrighted Artwork in the Tiger King Series 2 without her authorization, that RGP's use does not qualify under fair use under copyright law, that RGP's use of the Artwork is not transformative, and thus RGP can be held liable for copyright infringement in a court of law.

In an attempt to settle this matter fairly for all parties involved so as to avoid a protracted lawsuit, we are amending our settlement demand down to $50,000.00 (fifty thousand dollars). We hope that your client will see the wisdom in accepting this settlement offer, and ask that you respond to us accordingly within ten days from the receipt of this letter, or **by May 9, 2022.** Please be advised that if we do not hear from you by this date, we shall proceed to commence a lawsuit in federal court.

This is not a full recitation of all outstanding facts and legal issues, and nothing in this letter is meant to or should be construed to waive or limit any rights, claims, or remedies.

Sincerely,

*[signature]*

Gwen R. Acker Wood, PhD, Esq.
ACKER WOOD INTELLECTUAL PROPERTY LAW LLC
4981 McKnight Road
Direct: (412) 486-1038
Fax:    (412) 487-2837
Email: grwood@ackerwoodiplaw.com